**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| AHADI ABU-AL MUHAMMAD a/k/a Tommy Onofre Serrano,<br><br>    Plaintiff,<br><br>    v.<br><br>PRENTICE HILL, S. ADKINS, J. HALL, and L. ABMA,<br><br>    Defendants. | No. LA CV 17-01137-VBF (PLA)<br><br>**ORDER Adopting the R&R:**<br><br>**Granting Doc. #26 (Motion to Dismiss);**<br><br>**Dismissing All Federal Claims With Prejudice as Untimely;**<br><br>**Declining Supplemental Jurisdiction over All State-Law Claims;**<br><br>**Directing Entry of Final Judgment**; Terminating and Closing the Case (JS-6) |

On October 24, 2017, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that defendants' Motion to Dismiss be granted and that this action be dismissed. (ECF No. 31). On December 7, 2017, following an extension of time, plaintiff filed Objections to the R&R. ("Objections"; ECF No. 35).

Plaintiff objects to the Magistrate Judge's denial of his request to take judicial notice of a police department alert, citing Fed. R. Evid. 803, 901(7)(A)-(B). (Id. at 2-3). These evidentiary rules regarding hearsay exceptions and the admissibility of evidence do not pertain to a request for judicial notice. As discussed in the R&R, an informal "Alert" regarding a missing child that

appears to have been printed from a social media site is not a public record or an administrative filing, and it is not properly subject to judicial notice. (See ECF No. 29 at 2, 8).

Plaintiff also objects to the Magistrate Judge's finding that his federal civil rights claims are barred by the statute of limitations, but plaintiff argues that he should be entitled to equitable tolling during his attempts to file a state tort claim and the pendency of his state law actions, theories that were properly rejected in the R&R. (ECF No. 35 at 3-13). Plaintiff's reliance on "a line of relatively recent California cases" that pertain to the option of pursuing one of several legal remedies (id. at 12) is misplaced. The most recent of these state court decisions is Collier v. City of Pasadena, 142 Cal. App. 3d 917, 191 Cal.Rptr. 681 (Cal.App. 2 Dist. 1983), which was decided in 1983. Although not readily apparent from plaintiff's incomplete citations, the other cases he points to were decided between 1970 and 1973. These cases pertain to equitable tolling available under California law in circumstance in which a plaintiff has options in different forums, and, in good faith, he elects one forum in which to pursue his legal remedies. This ground for equitable tolling was considered and also properly rejected in the R&R.

Finally, plaintiff's objection regarding supplemental jurisdiction on the basis that "this is a civil action that may involve the Nonintercourse Act due to Plaintiff's Carib status classified as Amerindian," is frivolous, as is his assertion of diversity of citizenship. (ECF No. 35 at 14-15).

## ORDER

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the other records on file herein, the Magistrate Judge's Report and Recommendation, and plaintiff's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

The Report and Recommendation is accepted.

Defendants' Motion to Dismiss is **granted.**

All federal claims are **dismissed** with prejudice as barred by the statute of limitations.

Pursuant to 28 U.S.C. section 1367, the Court declines supplemental jurisdiction over all state-law claims.

All of plaintiff's state-law claims are **dismissed** without prejudice.

Separate final judgment shall issue consistent with this Order and with the R&R.

The case shall be **TERMINATED** and closed (**JS-6**).

Dated: December 18, 2017

*Valerie Baker Fairbank*
_____
HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE